# MCLAUGHLIN & STERN, LLP

**FOUNDED 1898**

STEVEN J. HYMAN
Partner
shyman@mclaughlinstern.com
Direct Phone: (212) 448-6228

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448-1100
FAX (212) 448-0066
www.mclaughlinstern.com

GARDEN CITY, NEW YORK
MILLBROOK, NEW YORK
WESTPORT, CONNECTICUT
WEST PALM BEACH, FLORIDA
NAPLES, FLORIDA
SARASOTA, FLORIDA
WESTFIELD, NEW JERSEY

March 17, 2025

<u>VIA ECF</u>
Honorable Mary Kay Vyskocil
United States District Court for the
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, NY 10007

       Re: Joseph Reiver v. The City of New York
         <u>Case No. 25-cv-01376</u>

Dear Judge Vyskocil:

  In accordance with your Honor's Order, of March 16, 2025, counsel for the parties have conferred, and jointly agree as follows:

1) Which affiants must be produced for cross-examination?

   Plaintiff position: Plaintiff does not require production of affiant Michael Sandler for cross-examination.

   Defendant position: Defendant does not require the production of any of plaintiff's affiants for cross-examination, subject to Defendant's position regarding specific witnesses as set forth below.

2) Limited live testimony by affiant Joseph Reiver:

   Plaintiff's position: Plaintiff proposes to elicit live testimony by affiant Joseph Reiver, rebutting defendant's contention that plaintiff does not have standing to seek declaratory relief on the ground that he allegedly is not the co-author of Elizabeth Street Garden. (See, defendant's Memorandum of Law, dated March 12, 2025, pp. 8-9).

Defendant's position: In light of the Court's order, which states that affidavits submitted "shall constitute the direct testimony of those witnesses" Defendant objects to the proposed rebuttal testimony as it is in addition to his already submitted direct testimony in the declaration plaintiffs' submitted in support of their motion. Should Mr. Reiver be permitted to provide live testimony to rebut Defendant's standing argument, Defendant reserves its right to cross-examine Mr. Reiver.

3) Proposed Exhibits:

Plaintiff's position: Plaintiff does not object to defendant's introducing any of the exhibits defendant listed on its March 14, 2025 submission into evidence at the preliminary injunction hearing.

Defendant's position: Defendant does not object to plaintiff's introduction of any of the exhibits plaintiff listed on his March 14, 2025 submission into evidence at the preliminary injunction hearing only of Plaintiff provides the exhibits – or links to any video exhibits – by 10:00 am, March 18, 2025.

4) Non-affiant witnesses:

Plaintiff seeks clarification by this Court as to the proposed witnesses that have not submitted a pre-hearing affirmation.

This Court's Order is silent as to whether these witnesses may present live testimony at the hearing. Rule 7(C) of this Court's Individual Rules in Civil Cases provides for an exception to the general rule that "copies of affidavits constituting the direct testimony of each trial witness", namely "a person for whom the Court has agreed to hear direct testimony."

Plaintiff's position: Plaintiff requests that this Court agree to hear direct testimony, subject to cross-examination, of the plaintiff's identified non-affiant witnesses, Sara Cedar Miller and Zurab Bushurishvili. Ms. Miller is the historian of the Central Park Conservatory. As an art historian, Ms. Miller is proposed as an expert witness on whether Elizabeth Street Garden qualifies as a work of visual art as defined by VARA. Mr. Bushurishvili is a fact witness as to plaintiffs contribution to the creation and design of Elizabeth Street Garden as a co-author. Alternatively, plaintiff proposes that Ms. Miller and Mr. Bushurishvili be permitted to file affidavits by March 18, 2025.

Defendant's position: Defendant objects to the proposed testimony or affidavits by plaintiff's non-affiant witnesses as contrary to the Court's Order. Should the Court determine that these proposed additional witnesses be permitted to testify, Defendant consents only if Plaintiff provides affidavits by Ms. Miller and Mr. Bushurishvili and curriculum vitae for Ms. Miller to Defendant no later than 9 a.m. on March 18, 2025. Further, upon receipt of such affidavits, Defendant reserves its right to cross-examine Ms. Miller and Mr. Bushurishvili.

Respectfully submitted,

_____
Steven J. Hyman
MCLAUGHLIN & STERN, LLP

_____
Norman Siegel
SIEGEL TEITELBAUM
& EVANS, LLP
Attorneys for Plaintiff

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
Attorney for Defendant

By: _____
Genan F. Zilkha
Assistant Corporation Counsel