USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/18/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH REIVER,

                     Plaintiff,

           -against-

THE CITY OF NEW YORK,

                     Defendant.

1:25-cv-1376-MKV

ORDER CANCELING HEARING
ON MOTION FOR
PRELIMINARY INJUNCTION

MARY KAY VYSKOCIL, United States District Judge:

       Plaintiff Joseph Reiver initiated this case against the City of New York by filing a complaint in mid-February 2025 [ECF No. 1 ("Cmpl.")].  The Complaint asserts a claim under the Visual Artist Rights Act of 1990 (VARA), 17 U.S.C. §§ 106A, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Cmpl. ¶¶ 1, 83–94.  Plaintiff seeks a "declaration that he has the right under VARA to prevent the intentional or grossly negligent destruction" of the Elizabeth Street Garden and injunctive relief "barring" the City from "moving forward" with its plan to build a "mixed-use affordable housing development for seniors" on the lot that is currently occupied by the Garden.  Cmpl. ¶¶ 2, 68, 92.

       Weeks later, on March 7, 2025, Plaintiff filed an application for emergency relief seeking a temporary restraining order and a preliminary injunction [ECF Nos. 12, 12-1, 12-2, 12-3].  The application consists of: a proposed Order To Show Cause [ECF No. 12]; a memorandum of law [ECF No. 12-2]; the declaration of Plaintiff Joseph Reiver [ECF No. 12-1 at 2–9]; the declaration of Mara Miller, the author of a book entitled *The Garden as an Art* [ECF No. 12-1 at 10–24]; the declaration of Klaus Biesenbach, an art museum director [ECF No. 12-1 at 25–27]; the declaration of an artist who goes by the name "JR" [ECF No. 12-1 at 28–31]; the declaration of Jeffrey Brodie, an executive at a history museum [ECF No. 12-1 at 32–34]; the declaration of Noah Chasin, an

1

historian and critic of art and architecture [ECF No. 12-1 at 35–39]; the declaration of Patti Smith, a New York-based artist [ECF No. 12-1 at 40–43]; and an eviction notice for March 24, 2025 [ECF No. 12-3].

The Court issued an Order in response to Plaintiff's application for emergency relief the next day, on March 8, 2025 [ECF No. 13 ("First Order")].  The Court scheduled a hearing for March 19, 2025 and set deadlines in the interim for the City to file an opposition and for both parties to file certain pre-hearing materials.  Specifically, the Court wrote: "If the parties intend to present evidence at the hearing, they must submit their witness lists and exhibit lists by 12:00 p.m. on March 14, 2025."  First Order.

Pertinent to this Order, the Court's Individual Rules of Practice in Civil Cases expressly provide that, on a motion for a preliminary injunction, "the Court generally follows the procedure for the conduct of non-jury trials described in Section 7(C) below." Rule 4(D).  That Section, 7(C), provides that "each party *shall*" submit "affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has *agreed* to hear direct testimony live at the trial."  Rule 7(C)(i) (emphases added).  Rule 7(C)(i) further provides that "counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial" and that "[o]nly those witnesses who will be cross-examined need to appear at trial."  *Id.*  In other words, under the Court's Individual Rules, when the Court holds an evidentiary hearing on a motion for emergency relief, parties must submit affidavits constituting the direct testimony of their witnesses, and the Court does not permit live testimony on direct except in the limited circumstances specified in the Rule.

The City timely filed its opposition to Plaintiff's application for emergency relief, including

2

a memorandum of law, declarations, and exhibits [ECF Nos. 16, 17, 18]. Thereafter, on Friday, March 14, 2025, the parties filed witness and exhibit lists [ECF Nos. 22, 23].

While the parties had previously filed affidavits from many of their designated witnesses, some of the names were new. Moreover, following the default timeline in the Court's Individual Rules, the deadline for counsel to identify which witnesses they intend to cross-examine would fall on the day of the scheduled hearing. As such, the Court issued a further Order, dated March 16, 2025, about the logistics of the hearing [ECF No. 25 ("March 16 Order")].

In particular, the Court drew the parties' attention to Rules 4(D) and 7(C) of the Court's Individual Rules of Practice in Civil Cases. *See* March 16 Order. The Court explained that the "previously submitted affidavits" from "individuals listed as witnesses" would "constitute the direct testimony of those witnesses." *Id.* The Court set a deadline of 3:00 p.m. on March 17, 2025 for counsel to confer and "file a joint letter notifying the Court which affiants must be produced for cross-examination." *Id.* The Court also directed the parties to state whether there would be any objections to documentary exhibits if an affiant were not produced at the hearing, adding that "if . . . it becomes clear that live testimony will not be necessary, the parties should so state in their March 17 joint letter." *Id.*

The parties timely filed a joint letter on March 17, 2025 [ECF No. 26 ("JL")]. Both parties represented that they do not require the production of any affiant for the other side for cross-examination. *See* JL at 1. The parties also represented that they do not object to the introduction of any of the exhibits listed in the other party's exhibit list. *Id.* at 2. However, Plaintiff stated that he "proposes to elicit live testimony by affiant [Plaintiff] Joseph Reiver" and two "witnesses that have not submitted a pre-hearing affirmation," including "an expert witness on whether Elizabeth Street Garden qualifies as a work of visual art as defined by VARA." JL at 1–2. The City objects

to the proposed live testimony by Plaintiff and the two non-affiant witnesses as "contrary" to the Court's Individual Rules and the March 16 Order. *Id.*

Pursuant to Rules 4(D) and 7(C)(i) of the Court's Individual Rules and the Court's March 16 Order citing those Rules, Plaintiff may not present testimony from the two newly-designated proposed "witnesses that have not submitted a pre-hearing affirmation," JL at 2, nor may Plaintiff's counsel elicit live testimony from Plaintiff, who has previously submitted a declaration that shall constitute his direct testimony [ECF No. 12-1 at 2–9].

As stated above, the Court's Individual Rules make clear that a party seeking a preliminary injunction must submit any direct testimony by affidavit. *See* Rules 4(D) and 7(C)(i). The Court's First Order, which set a deadline for the parties to submit witness lists, was not an invitation to identify more potential witnesses. Plaintiff has not explained, let alone shown good cause, why he did not submit evidence from his two newly-designated witnesses earlier.

It strikes the Court as especially inappropriate for Plaintiff to spring a new proposed "expert" witness on the City, which has had no opportunity to review her direct testimony via affidavit, as required by the Court's Individual Rules, to be informed of the opinions she intends to offer, to review the materials on which she relies, or to research her CV. The Court also notes that the interpretation of a statutory term is generally the province of the Court and not susceptible of expert opinion. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *United States v. Scop*, 846 F.2d 135, 139 (2d Cir. 1988). The Court does not believe that the proposed expert testimony is necessary to help the Court understand otherwise inscrutable issues. *See* Fed. R. Evid. 702(a). In any event, Plaintiff previously submitted multiple declarations in support of his argument that the Garden is a work of visual art [ECF No. 12-1]. As such, the proposed expert

testimony likely would be needlessly cumulative. *See* Fed. R. Evid. 403; *see also Int'l Minerals & Res., S.A. v. Pappas*, 96 F.3d 586, 596 (2d Cir. 1996).

The Court also rejects the proposal of Plaintiff's counsel to elicit live testimony from Plaintiff. In the Court's March 16 Order, the Court, citing its Individual Rules, expressly ruled that the "previously submitted affidavits" from "individuals listed as witnesses" would "constitute the direct testimony of those witnesses." March 16 Order. Plaintiff contends that his testimony would be limited to "rebutting" the City's argument that he is not the co-author of the Elizabeth Street Garden. JL at 1. However, that argument is not an issue that was raised for the first time in the City's opposition. Rather, Plaintiff addresses his standing as an author, which is critical for a claim under VARA, in his declaration and moving brief [ECF No. 12-1 at 6, 9; 12-2 at 11].

Accordingly, since neither party wishes to cross-examine the other party's witnesses, *see* JL at 1, and there are no objections to the parties' documentary exhibits, *see id.* at 2, and, as such, no live testimony is necessary for the resolution of Plaintiff's application for emergency relief, IT IS HEREBY ORDERED that the hearing that was previously scheduled for March 19, 2025 is ADJOURNED *sine die*.

As the Second Circuit has recently reaffirmed, "[t]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." *St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, --- F.4th ----, 2025 WL 794367 (2d Cir. Mar. 13, 2025) (brackets in original) (quoting *Md. Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997)). Rather, a "hearing is not required for a preliminary injunction 'when the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case, or when the disputed facts are amenable to complete resolution on a paper record.'" *Id.* (quoting

*Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998)). The Court is convinced that Plaintiff's application for emergency relief is amenable to resolution on the paper record presently before the Court. *See id.* Insofar as the parties identified in their March 14 submissions new exhibits that are not already before the Court, the parties must submit such exhibits no later than 3:00 p.m. today, March 18, 2025.

**SO ORDERED.**

Date:  **March 18, 2025**  **MARY KAY VYSKOCIL**
 **New York, NY**  **United States District Judge**