

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**GENAN F. ZILKHA**
phone: (212)356-2212
email: gzilkha@law.nyc.gov

March 31, 2025

**Via ECF**
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Joseph Reiver v. The City of New York
               25-cv-01376 (MKV)(GS)

Your Honor:

        We are Assistant Corporation Counsels in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for the Defendant The City of New York ("City") in the above captioned action. Pursuant to Section 4.A.i of the Court's Individual Practices, Defendant submits this letter to request a pre-motion conference to discuss an anticipated pre-answer motion to dismiss the Complaint ("Compl.") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff does not consent to the requested motion.

    **A. Background**

        Plaintiff is the Executive Director of Elizabeth Street Garden, Inc., a not-for-profit corporation that manages the Elizabeth Street Garden ("Garden"), a privately operated garden located on City-owned land ("Premises"). In 1991, Plaintiff's late father, Allan Reiver, through his corporation Elizabeth Street, Inc. ("ESI"), entered into a $4,000, month-to-month lease with the City for the Premises – an amount that remained unchanged for the entirety of the tenancy. In 2019, the New York City Council ("Council") voted to approve development of the Premises into much-needed permanently affordable and supportive housing for low-income senior citizens. This development, called Haven Green, would also include outdoor space that would be regularly and permanently open to the public.

        Since 2019, the Premises has been the subject of extensive litigation. First, ESI commenced a proceeding under Article 78 of the New York Civil Practice Law and Rules claiming the City had violated the State Environmental Quality Review Act when the Council approved Haven Green. Although ESI was initially successful before the trial court, the trial court's decision was reversed on appeal and that reversal was affirmed by New York State Court of Appeals. *Elizabeth St. Garden, Inc. v. City of New York*, 42 N.Y.3d 992 (2024). In 2021, the City served ESI with a Thirty Day Notice to Terminate Month to Month Tenancy. When ESI

failed to vacate the Premises, the City commenced a commercial holdover proceeding in the Civil Court of the City of New York. The City prevailed at trial and this decision was affirmed on appeal on February 26, 2025. *City of New York v. Elizabeth St. Inc.*, 2025 N.Y. Misc. LEXIS 967; 2025 NY Slip Op 50242(U) (App. Term, 1st Dep't 2025). An eviction notice was served on ESI on March 8, 2025.

The instant matter concerns Plaintiff's claim, made for the first time in this years-long dispute, that the Garden is a work of visual art protected by the Visual Artists Rights Act of 1990, 17 USC § 106A ("VARA"), and that he, as its co-author, has moral rights to prevent its destruction. On March 20, 2025, this Court denied Plaintiff's motion for a preliminary injunction finding that Plaintiff had "no likelihood of success on the merits of his VARA claim." *Reiver v. City of NY*, No. 25-cv-1376, 2025 U.S. Dist. LEXIS 51949 at *3 (S.D.N.Y. Mar. 20, 2025) (MKV) ("*Reiver Decision*"). Plaintiff's claims in the complaint fail for four separate reasons.

### B. First, Plaintiff Lacks Standing to Bring an Action Under VARA Because He Is Not the Author of the Garden

"For a plaintiff to have Article III standing, he must establish three things: (1) that he has an injury in fact; (2) that there is a causal connection between his injury and the conduct complained of; and (3) that his injury will be redressed by a favorable judicial decision" *Harty v W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022). VARA grants rights only to the author or co-author of a work of visual art. *See* 17 U.S.C § 106A(b). Plaintiff is neither the author nor the co-author of the Garden and therefore does not have standing to bring this action under VARA. To start, "it defies common understanding to speak of the 'author' of a garden" as "gardens are planted and cultivated, not authored." *Reiver Decision* at *20 (*quoting Kelley v. Chicago Park Dist.*, 635 F.3d 290, 304 (7th Cir. 2011)). Second, although there "are manmade works in the Garden, by his own admission, Plaintiff did not make them." *Id*. Third, even if the Garden did have an "artist" for the purposes of VARA, Plaintiff has admitted that his late father "built the Garden" and that he helped execute his father's vision before taking on "greater responsibility in the design process, such as placing the standing lions on either side of the main walkway." *Id*. This does not turn Plaintiff into the "artist" of the Garden as "collaboration alone is not sufficient to establish joint authorship." *Id.* (*quoting Thomson v. Larson*, 147 F.3d 195, 200 (2d Cir. 1998)).

### C. Second, the Complaint Fails to State a Claim under VARA because the Garden is Not a Work of Visual Art and even if, assuming *arguendo* it were, VARA does not Protect Site Specific Art from Relocation

VARA protects only "work[s] of visual art" as defined in 17 USC § 101, i.e. "a painting, drawing, print, or sculpture…" or "a still photographic image produced for exhibition purposes only…." VARA specifically excludes from protection "any work not subject to copyright protection under [Title 17 of the United States Code]." *Id.* The Complaint alleges the Garden is, by virtue of the interplay between the salvaged sculptural elements and plantings, "a single unified and thematically integrated sculpture." *See* Compl. ¶ 45. While the Second Circuit has not decided the issue of whether a garden may qualify for protection under VARA, the Seventh Circuit has. In *Kelley*, the Seventh Circuit ruled that a garden (as opposed to, for example, *plans for* a garden) is too "changeable" for it to meet the fixation requirement of copyright. 635 F.3d at 304-5. Because a work must be copyrightable to qualify for protection under VARA, the garden at issue in *Kelley* was not protected and this "Court is persuaded by the

reasoning in *Kelly*." *Reiver Decision* at *18. As this Court held, here the Garden is similarly not protected. The Garden is just as changeable and unfixed as the garden at issue in *Kelley*, and is similarly not subject to copyright protection. *Id*. at *19. As such, it is not a work of visual art under VARA. Even if, assuming *arguendo* the Garden is a work of visual art, VARA does not prevent its relocation. VARA contains an exception that explicitly states that the "modification of a work of visual art which is the result of conservation, or of the public presentation, including lighting and *placement*, of the work is not a destruction, distortion, mutilation, or other modification…." 17 U.S.C. § 116A(c)(2) (emphasis added). The purpose of the statute "is not . . .to preserve a work of visual art *where* it is, but rather to preserve the work *as* it is." *Bd. of Managers of Soho Int'l Arts Condo. v. City of New York,* 2003 U.S. Dist. LEXIS 10221, *34 (S.D.N.Y. 2003 June 17, 2003) (emphasis in original); *see also Tobin v. Rector*, 17 Civ. 2622, 2017 U.S. Dist. LEXIS 187792 (S.D.N.Y. 2017 November 14, 2017) (LGS) *aff'd on other grounds,* 735 Fed. Appx. 32 (2d Cir. 2018) (relocation of a piece of site-specific artwork did not "by itself constitute distortion, mutilation or modification" under VARA). Thus, to the extent any VARA claim is based on the City's relocation of the elements of the Garden – such a claim fails.

### D. Third, the Complaint Fails to State a Claim under VARA because, even assuming, *arguendo*, the Garden is a Work of Visual Art, and assuming removal of the Garden from the Premise is Tantamount to its Destruction, the Garden is not a Work of Recognized Stature

VARA gives authors of a work of visual art of "recognized stature" the right to prevent destruction of such work of visual art. *See* 17 USC § 106A(a)(3)(B). The "recognized stature" requirement "is best viewed as a gate-keeping mechanism – protection is afforded only to those works of art that art experts, the art community, or society in general views as possessing stature." *Carter v. Helmsley-Spear, Inc*., 861 F. Supp 303, 324-5 (S.D.N.Y. 1994); *see also Pollara v. Seymour*, 344 F.3d 265, 270, fn. 5 (2d Cir. 2003) ("VARA only protects works of recognized stature that are "work[s] of visual art."). That the Garden is appreciated as an open space in an otherwise congested area, does not mean that the Garden, as a collective work of art, has attained recognized stature.

### E. Fourth, the Complaint Fails to State a Claim under VARA because, even assuming, *arguendo*, the Garden is a Work of Visual Art, the City's Plan to Build Affordable Housing on the Site is not Prejudicial to Plaintiff's Honor or Reputation

VARA protects authors of works of visual art from "any intentional distortion, mutilation, or other modification of that work which would be prejudicial to his or her honor or reputation." *See* 17 USC § 106A(a)(3)(A). Removal of the Garden for the purposes of constructing affordable housing for the most vulnerable New Yorkers and creating a dedicated open space will not threaten or prejudice Plaintiff's honor or reputation.

### F. Conclusion

For the reasons set forth above, Defendant requests a pre-motion conference so that the City may file an anticipated pre-answer motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

- 4 -

                                                Respectfully submitted,

                                                Genan F. Zilkha
                                                Gregory O'Brien
                                                Assistant Corporation Counsels

cc:    All parties, via ECF