

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/2025

**GENAN F. ZILKHA**
phone: (212)356-2212
email: gzilkha@law.nyc.gov

April 15, 2025

**Via ECF**
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Joseph Reiver v. The City of New York
                25-cv-01376 (MKV)(GS)

Your Honor:

        We are Assistant Corporation Counsels in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for the Defendant The City of New York ("City") in the above captioned action. We write jointly with the attorneys for Plaintiff Joseph Reiver pursuant to the Court's April 8, 2024 Order (ECF No. 33) to state our "positions on whether Court has jurisdiction to entertain a motion to dismiss this entire case while Plaintiff's interlocutory appeal of the Court's earlier Opinion and Order [Denying Plaintiff's Application or Emergency Relief ("Plaintiff's TRO")] remains pending" before the Court of Appeals for the Second Circuit. *Id*.

    **A.  Defendant's Position**

        Defendant contends that this Court is not divested of jurisdiction under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) while Plaintiff's appeal is pending. "Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction over issues decided in the order being appealed, jurisdiction is retained where, as here, the appeal is from an order granting or denying a preliminary injunction." *Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir. 1996); *see also* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2962 ("An appeal from the grant or denial of a preliminary injunction does not divest the trial court of jurisdiction…The only restriction on the trial court's power occurs if the appellate court enters an order staying the lower court until the appeal has been completed."). Though Plaintiff attempts to distinguish *Webb*, *Webb*'s reference to "different considerations" concerned whether the appeal of a preliminary injunction was moot, not whether the district court had jurisdiction to consider an action's merits while the appeal was pending. *Webb*, 78 F.3d at 56. Likewise, *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020), does not limit *Webb* to its facts, but rather contrasts *Webb* with the situation where "the district court undertook to reconsider the very preliminary injunction that was under review." *Id*. at 215.

While the Supreme Court in *Coinbase* held that a "district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing," this ruling did not create a blanket rule that all actions are stayed when any interlocutory appeal has been filed. 599 U.S. at 741. To start, in *Coinbase* the appealed order was on a motion to compel arbitration under section 16(a) of the Federal Arbitration Act ("FAA"). In effect, the ultimate issue in *Coinbase* was whether the district court would retain jurisdiction over the action or whether the parties to the action would be required to arbitrate. Thus, the question resolved in *Coinbase* was "whether the case belongs in arbitration or instead in the district court," and therefore "the entire case is essentially 'involved in the appeal.'" *Id*. at 741.

There is no indication that *Coinbase* divests district courts of jurisdiction pending all interlocutory appeals. *See AG of New Jersey v. Dow Chem. Co.*, No. 23 Civ. 2449 (RK)(JBD), 2024 U.S. Dist. LEXIS 119904, at *29 (D.N.J. July 9, 2024) ("Absent indication from the Supreme Court that its analysis applies to other statutory rights to appeal, the Court cannot find that *Coinbase* governs this case. Such interpretation would be at odds with the Supreme Court's own longstanding precedent that a stay pending appeal is an extraordinary remedy."); *City of Martinsville v. Purdue Pharma, L.P.*, No. 24 Civ. 00002, 2024 U.S. Dist. LEXIS 167368, at *37 (W.D. Va. Sep. 16, 2024) (explaining *Coinbase* is limited to arbitration appeals under FAA § 16(a)). Indeed, one district court canvassed "approximately 60 federal cases applying or citing *Coinbase*" and found that "only two" expanded the Supreme Court's reasoning beyond arbitrability, and neither of those dealt with a preliminary injunction appeal. *AG of New Jersey*, 2024 U.S. Dist. LEXIS 119904, at *30. And at least one Court of Appeals held, post-*Coinbase*, that a district court may rule on a motion to dismiss while an appeal of a preliminary injunction is pending. *Satanic Temple, Inc. v. Tex. Health & Hum. Serv. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023) (holding that the "district court had jurisdiction to proceed on the merits" because an "appeal from a grant or denial of a preliminary injunction does not inherently divest the district court of jurisdiction"). Finally, the application of *Coinbase* is most appropriate where a pending appeal raises jurisdictional or venue issues that would make further litigation unnecessary. *See, e.g., A.O.A. v. Rennert*, No. 11 Civ. 44(CDP), 2023 U.S. Dist. LEXIS 225091, at *4 (E.D. Mo. Sep. 5, 2023) ("Similar to the arbitrability question in *Coinbase*, the question on appeal here is whether the case belongs in this Court or in another forum, namely Peru.").

Although there are overlapping issues raised in Plaintiff's TRO and in Defendant's proposed motion to dismiss – namely whether the Visual Artists Rights Act applies to the Elizabeth Street Garden – a decision on the propriety of denying a preliminary injunction would not dispose of the case. And Plaintiff's arguments regarding judicial resources or potential mootness are irrelevant to the question of whether this Court has *jurisdiction* to consider Defendant's motion to dismiss.

B.  **Plaintiff's Position**

Plaintiff respectfully submits that this Court's jurisdiction to entertain a motion to dismiss the entire case is divested during the pendency of Plaintiff's appeal. The jurisdictional issue is resolved by the Supreme Court's *Coinbase* and *Griggs* decisions. As noted by this Court, "[a]n appeal, including an interlocutory appeal, divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (*quoting, Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). As explained in

*Griggs*, that is because it is not "tolerable" to have a situation in which a district court and a court of appeals "would both have . . . the power to modify the same judgment." *Griggs*, at 59-60.

Here the appeal and a motion to dismiss will address the identical aspects of the case. The Court's earlier Opinion and Order (Doc. 29), denying Plaintiff's application for emergency relief, is entirely based on this Court's conclusion that Plaintiff is not likely to succeed on the merits of his VARA claim, finding that "the Elizabeth Street Garden is not a 'work of visual art' within the narrow definition of that term under VARA, and Plaintiff is not an 'author' within the meaning of the statute." Plaintiff's appeal challenges this conclusion, placing this issue directly before the Second Circuit. Defendant's proposed Motion to Dismiss (*see*, Doc. 31) substantially mirrors this Court's Opinion and Order. Thus, were this Court to retain jurisdiction for the purpose of ruling on Defendant's proposed Motion to Dismiss, it will create exactly the intolerable situation that *Griggs* and *Coinbase* have sought to preclude. Both this Court and the Second Circuit will rule on the ultimate issue as to whether Plaintiff's claim is likely to succeed on the merits.

*Webb v. GAF Corp*. 78 F.3d 53 (2d Cir. 1996) is distinguishable. As stated therein, "[t]he issues presented by this appeal involve the appropriateness of the posttrial preliminary injunction that was issued by the district court. <u>Obviously, quite different considerations are presented by a preliminary injunction that is entered prior to a final judgment on the merits, and a permanent injunction that constitutes a central component of such a final judgment.</u>" *Webb*, at 56. (*emphasis supplied*). The appeal of the District Court's denial of Plaintiff's pre-trial preliminary injunction and any motion to dismiss, both require an assessment of the merits of Plaintiff's claim, a duplicative waste of judicial resources.

Moreover, the Second Circuit declined to accord to *Webb* the broad scope that Defendant is urging, limiting it instead to its specific facts. *See, New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020) ("We are not persuaded by the district court's reliance on instances where we have found district courts had jurisdiction during the pendency of an appeal. In *Webb v. GAF*, 78 F.3d 53 (2d Cir. 1996), for example, we dismissed an appeal of a preliminary injunction as moot, when during the pendency of the appeal of the preliminary injunction, the district court decided pending post-trial motions in accordance with jury determinations and made a dispositive ruling on the merits of the case that rendered the injunction permanent. … *Webb* is not analogous to the instant case.")

*Satanic Temple, Inc. v. Tex. Health & Hum. Serv. Comm'n,* 79 F.4th 512 (5th Cir. 2023), cited by Defendant as a post-*Coinbase*, notably references neither *Coinbase* nor *Griggs*.

Were this Court to retain jurisdiction and dismiss Plaintiff's claim, it would moot Plaintiff's appeal, even if the Second Circuit reverses this Court's prior Opinion and Order. Thus, Plaintiff would be constrained to file a further appeal to protect his rights. For the sake of judicial economy and conservation of resources, Plaintiff respectfully urges this Court to decline jurisdiction over this action during the pendency of Plaintiff's appeal.

Respectfully submitted,

| | |
|---|---|
| /S/<br>Genan F. Zilkha<br>Gregory O'Brien<br>Assistant Corporation Counsels | /S/<br>Steven J. Hyman<br>Norman Siegel<br>Attorneys for Plaintiff |

cc:    All parties, via ECF

---

The Court lacks jurisdiction to entertain a motion to dismiss this entire case while Plaintiff's interlocutory appeal is pending.  As such, the City's request for leave to file a motion to dismiss [ECF No. 31] is DENIED without prejudice to renewal after the resolution of the appeal.  IT IS HEREBY ORDERED that the parties must file a joint status letter within three days of the Second Circuit's decision.

The Clerk of Court respectfully is requested to terminate ECF number 31.

Date:  April 16, 2025
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge